UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN EPPERSON,

    Plaintiff,

v.                                                              Case No.:  2:24-cv-383-SPC-DNF

THE HERTZ CORPORATION,

    Defendant.

_____/

## OPINION AND ORDER

Before the Court is Defendant the Hertz Corporation's Motion for Summary Judgment. (Doc. 30).  Plaintiff Stephen Epperson responded[1] (Doc. 31), and Defendant replied. (Doc. 32).  For the below reasons, the Court grants the motion.

## Background

This is an age discrimination and retaliation case.  Plaintiff works as a corporate security officer at Hertz.  He began his employment there in August 2022.  The alleged discrimination occurred over a year later.

---

[1] Plaintiff's response was required to include a section responding to Defendant's statement of material facts "by admitting and/or denying each of the moving party's assertions in matching numbered paragraphs," and including a "pinpoint citation to the record where the fact is disputed" for each denial.  (Doc. 20 at 4–5).  Plaintiff failed to do so.  Thus, any uncontroverted fact is "deemed undisputed if supported by record evidence." (*Id.* at 5).

In March 2023, Norman Ryan—Plaintiff's direct supervisor—told Julio Endara—Plaintiff's manager—that he and a group of corporate security specialists had discussed their pay structure and job status. After that conversation, Plaintiff claims Endara began acting negatively toward him. Later that month, Endara stated to Plaintiff during a phone conversation, "you're 50, you have a pension, right?" and sent him various job opportunities. Over the next couple months, Plaintiff had other interactions with Endara in which he used profanity and complained about Hertz's policies, but he never directed any comment or conduct toward Plaintiff.

On May 1, 2023, Plaintiff contacted Ryan to discuss his interactions with Endara. Ryan investigated. Although he was able to substantiate Plaintiff's complaints regarding Endara's profanity and criticisms, he could not confirm any allegations regarding Endara's conduct directed toward Plaintiff. Still, Endara was verbally reprimanded, he voluntarily apologized to Plaintiff, and Plaintiff stated he was satisfied and wanted to move on. Plaintiff raised no further concerns about Endara.

Three months later, on August 8, 2023, Zaira Quintero (a branch manager) reported that Plaintiff verbally and physically assaulted her at a Hertz facility in Oceanside, California. While this incident was being investigated, Plaintiff was suspended with pay. Plaintiff complained to Lexy Motes—the assigned investigator into the incident—that the suspension was

retaliation by Ryan and Endara for Plaintiff's May 2023 complaints about Endara.   However, neither Ryan nor Endara had any involvement in the decision to suspend Plaintiff.

Ultimately, Motes could not confirm whether Plaintiff physically assaulted Quintero.[2]  So Motes recommended Plaintiff received a first and final written warning for his conduct and that he attend de-escalation training. Benjamin House, the senior director of Global Security, approved Motes' recommendation.   On August 21, 2023, Plaintiff received a first and final written warning.   Plaintiff was not terminated.   In fact, he received a merit-based salary increase the following year.

## Legal Standard

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law on the applicable claims.   Fed. R. Civ. P. 56(c).   The initial burden falls on the movant, who must identify evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

---

[2] Plaintiff denied physically touching Quintero.  Selina Smith, a witness, substantiated that Plaintiff pushed Quintero and was extremely aggressive during the incident.

(1986). To defeat summary judgment, the non-movant must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences drawn from it in the light most favorable to the non-movant. *See Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). But "[a] court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson Cty. Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (quotation omitted). "The court need consider only the cited materials" when resolving a motion for summary judgment. Fed. R. Civ. P. 56(c)(3); *see also HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 703 F. App'x 814, 817 (11th Cir. 2017) ("This rule was implemented so that a court may decide a motion for summary judgment without undertaking an independent search of the record." (quotation omitted)).

## Discussion

Plaintiff brings claims for age-discrimination and retaliation under the Age Discrimination in Employment Act of 1967, codified at 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Florida Civil Rights Act, Fla. Stat. § 760.10 ("FCRA").[3]

---

[3] Age discrimination claims brought under the ADEA and Florida's FCRA statute are analyzed under the same framework as claims brought under Title VII. *See Jones v. United*

He believes he was discriminated against based on his age when Endara stated to Plaintiff, "you're 50, you have a pension, right?"  And he maintains the first and final written warning he was issued was retaliation for his complaints about Endara's comments.  Defendant seeks summary judgment on Plaintiff's claims.  The Court addresses each in turn.

First, the discrimination claims.  "To prevail on an age-discrimination claim against an employer, the plaintiff must prove by a preponderance of the evidence that his age was the 'but for' cause of the challenged employment decision." *Loberger v. Del-Jen, Inc.*, 616 F. App'x 922, 927 (11th Cir. 2015) (citations omitted).  When a plaintiff, as here, seeks to prove their case with circumstantial evidence, courts apply a burden shifting framework.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973).  The plaintiff must initially make out a prima facie case: "(1) she belongs to a protected class, (2) she was subjected to an adverse employment action, (3) she was qualified to perform the job in question, and (4) her employer treated 'similarly situated' employees outside her class more favorably." *Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (en banc) (citation modified).  Plaintiff does not make it past this point.

---

*Space All., L.L.C.*, 494 F.3d 1306, 1310 (11th Cir. 2007) (FCRA); *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993) (ADEA).  As such, the Court treats its analysis as the same for both causes of action.

Plaintiff fails to establish he was subjected to an adverse employment action. "An adverse employment action is an ultimate employment decision, such as discharge or failure to hire, or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee." *Menzie v. Ann Taylor Retail Inc.*, 549 F. App'x 891, 894 (11th Cir. 2013). To demonstrate an adverse employment action occurred, a plaintiff "must show some harm respecting an identifiable term or condition of employment," but he need not show that the discriminatory harm was "serious, or substantial, or any similar adjective suggesting . . . [the harm] exceed[ed] a heightened bar." *Muldrow v. City of St. Louis, Missouri,* 601 U.S. 346, 354–55 (2024). Put another way, a plaintiff must show that the defendant's actions "brought about some 'disadvantageous' change in an employment term or condition." *Lukie v. Metlife Grp., Inc.*, No. 22-10967, 2024 WL 4471109, at *5 (11th Cir. Oct. 11, 2024) (quoting *Muldrow*, 601 U.S. at 354).

Plaintiff points to the first and final written warning as the adverse employment action.[4] But disciplinary warnings are not adverse employment

---

[4] Plaintiff's argument that his exclusion from company emails or unfair criticism also constitutes an adverse employment action is wrong. *See, e.g.*, *Thomas v. Auburn Univ.*, No. 3:21- CV-192-RAH, 2023 WL 7190506, at *6 (M.D. Ala. Nov. 1, 2023) (holding that plaintiff's conclusory assertions of exclusion from team meetings, removal of duties and responsibilities, an allegedly unjustified performance review, and allegedly disparaging and critical remarks did not amount to actionable adverse employment actions), *aff'd*, No. 23-13935, 2024 WL 4448797 (11th Cir. Oct. 9, 2024).

actions when they have no tangible effect on employment. *See Clark v. Potter*, 232 F. App'x 895, 897 (11th Cir. 2007) (letter of warning for disrespecting a supervisor was not an adverse employment action when the plaintiff did not lose pay, suffer a loss of grade or benefits, or have any other tangible job effects); *Stephen v. H. Lee Moffitt Cancer Ctr. & Rsch. Inst. Lifetime Cancer Screening Ctr., Inc.*, 259 F. Supp. 3d 1323 (M.D. Fla. 2017) ("[T]he [final written warning] was not an adverse action because it did not materially alter the terms, conditions, or privileges of Plaintiff's employment."); *Archibald v. United Parcel Serv. Co. Inc.*, 33 F. Supp. 3d 1301, 1318 (N.D. Ala. 2014), *aff'd*, 620 F. App'x 836 (11th Cir. 2015) (concluding warning notices issued to plaintiff were not adverse employment actions because he failed to point "to any adverse employment action based on these notices").

Plaintiff believes the warning he received is different because it tangibly affected his employment. Specifically, he argues the warning "placed him at immediate risk of termination for any future violations." (Doc. 31 at 7). But the mere potential of future termination is not tangible. *Cf. Barnett v. Athens Reg'l Med. Ctr. Inc.*, 550 F. App'x 711, 713 (11th Cir. 2013) (rejecting the plaintiff's argument that the written reprimands and negative performance evaluations could have led to harsher disciplinary action because he "could not establish that these actions actually led to any tangible effect on his employment"). So this argument falls short.

He also contends that the final written warning subjected him to "enhanced oversight and scrutiny," which created a "more restrictive and stressful work environment than he previously experienced." (Doc. 31 at 8). But he cites nothing in the record to support this assertion. What's more, enhanced oversight and scrutiny is not itself a tangible effect on his employment, and he identifies no tangible effect resulting from the purported increased scrutiny. *See Harbuck v. Teets*, 152 F. App'x 846, 848 (11th Cir. 2005) (concluding plaintiff's complaints of being subjected to heightened scrutiny, among other conduct, did not constitute an adverse employment action); *McConnell v. Univ. of Alabama Healthcare Sys.*, No. CV 16-0002-WS-N, 2016 WL 4132260, at *3 (S.D. Ala. Aug. 3, 2016) ("This court and others within this circuit have uniformly held that heightened scrutiny, without evidence that any disciplinary action was taken against the plaintiff or that he was subjected to any tangible consequence, does not constitute an adverse employment action." (cleaned up and citations omitted)). Because Plaintiff fails to establish an adverse employment action, his discrimination claims fail.[5]

---

[5] Plaintiff relies heavily on the Supreme Court's *Muldrow* decision, which lowered the standard for an adverse employment action in discrimination claims. *See Muldrow*, 601 U.S. at 346 (rejecting the "significant" employment disadvantage approach and instead holding an employee need only show "some harm" from the employer's conduct). But his efforts are unavailing because *Muldrow* still requires the alleged harm affect an identifiable term or condition of employment. *Id.* As discussed, Plaintiff cannot make such a showing.

Turning now to Plaintiff's retaliation claims, they fail for the same reason.  To make out a prima facie retaliation claim under the ADEA (as well as FCRA), a plaintiff must show that he (1) engaged in protected activity; (2) suffered an adverse employment action; and (3) the adverse action was causally related to the protected activity.  *See Drago v. Jenne*, 453 F.3d 1301, 1307 (11th Cir. 2006).  For an adverse employment action in a retaliation claim, a plaintiff must show the employer's challenged action was "materially adverse" such that it would "dissuade[] a reasonable worker from making or supporting a charge of discrimination."  *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *see also Muldrow*, 601 U.S. at 348 (leaving this standard unaffected).  Plaintiff's first and final written warning was not an adverse employment action to support a retaliation claim.[6]  *See Bush v. Regis Corp.*, 257 F. App'x 219, 222 (11th Cir. 2007) (finding written warnings did not amount to adverse employment action for retaliation claim).  So, Plaintiff's retaliation claims fall flat.

To be sure, Plaintiff does not establish causation either.  There must be a close temporal proximity between the alleged protected activity and the adverse action.  *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th

---

[6] The Court recognizes the standards for "adverse employment action" differ in the discrimination and retaliation contexts.  *See Eliassaint v. RTG Furniture Corp.*, 551 F. Supp. 3d 1293, 1312 n.5 (M.D. Fla. 2021) (contrasting the two standards).  But Plaintiff's first and final written warning is not an adverse employment action under either standard.

Cir. 2007). "A three-to-four-month disparity between the statutorily protected activity and the adverse employment action is not enough." *Id.* (citation omitted). Plaintiff made his complaint related to Endara on May 1, 2023. Plaintiff received the final warning more than three months later on August 21, 2023. Plaintiff's assertion he was excluded from emails and duties does not constitute "other evidence tending to show causation." *Id.* So, the retaliation claims fail.

Accordingly, it is

**ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 31) is **GRANTED**.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment for Defendant, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 8, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

10